**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RODERICK DUANE LEWIS,

       Plaintiff,                          Case No. 05-74202

v.                                                HONORABLE ARTHUR J. TARNOW
                                                    UNITED STATES DISTRICT JUDGE

THOMAS K. BELL,

                                                      MAGISTRATE JUDGE
       Defendant.                       PAUL J. KOMIVES
_____/

**ORDER ADOPTING IN PART MAGISTRATE'S REPORT & RECOMMENDATION [D/ E # 37] CAUSING CLAIMS I, II, IV & VII TO BE DISMISSED, HOLDING IN ABEYANCE THE REPORT'S RECOMMENDATIONS RELATING TO CLAIMS III, V & VI, APPOINTING COUNSEL, & DIRECTING COUNSEL TO FILE A SUPPLEMENTAL BRIEFAND CONDUCT AN EVIDENTIARY HEARING**

      Before the Court is the Magistrate Judge's August 31, 2006 Report and Recommendation ("R & R") relating to Petitioner's *pro se* Application for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. The Magistrate recommends that this Court deny Petitioner's Application for Writ of Habeas Corpus as to all claims.

      Having reviewed the file, the Report and Recommendation, the motions, and Petitioner's objections, this Court **ADOPTS** as the findings and conclusions of the Court the portions of the Magistrate's Report and Recommendation relating to Claim I (due process claim related to the lineup procedure), Claim II (due process claim related to the loss of the surveillance tape), Claim IV (due process claim related to alleged witness perjury), and Claim VII (due process claim against the trial court for failing to exclude a witness' testimony). Defendant's Objections as to these claims are also without merit because they recycle the same arguments presented his Application for Writ of Habeas Corpus.

      The Court will **HOLD IN ABEYANCE** the portions of the Magistrate's Report and Recommendation relating to Claim III (due process claim challenging the trial court's instruction), Claim V (ineffective assistance of trial counsel) and Claim VI (ineffective assistance of appellate counsel).

      A habeas petitioner may obtain representation at any stage of the case "[w]henever the

United States magistrate or the court determines that the interest of justice require the appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B). The Court determines that the interests of justice require the appointment of counsel. Thus,

**IT IS HEREBY ORDERED** that the Federal Defender Office shall be **APPOINTED** to assist Petitioner in presenting his claims in both a supplemental brief and at an evidentiary hearing to be schedule at a later date. Petitioner, through appointed counsel, is directed to file a supplemental brief within **45 days** of this order's date of entry, addressing: (1) whether Petitioner was denied due process as a result of the trial court's supplemental charge to the jury; (2) whether Petitioner was denied the effective assistance of trial counsel because counsel failed to object to the trial court's supplemental charge; and (3) whether Petitioner was denied the effective assistance of appellate counsel because appellate counsel failed to raise the supplemental charge issue on direct appeal.

**IT IS HEREBY ORDERED** that Petitioner, through appointed counsel file a supplemental brief within 45 days of the date of this order.

**IT IS SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: June 1, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 1, 2007, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager