**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| RODERICK DUANE LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 05-74202 |
| | ) | |
| JERI-ANN SHERRY, | ) | District J. Arthur J. Tarnow |
| | ) | Magistrate J. Paul Komives |
| Respondent. | ) | |
| _____/ | ) | |

**ORDER GRANTING MOTION FOR CERTIFICATE OF APPEALABILITY [72]**

I. Introduction

    Before the court is Lewis's motion for certificate of appealability.

    On August 31, 2006, Magistrate Judge Komives issued a report and recommended that Roderick Duane Lewis's *pro se* petition for habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed. On June 1, 2007, this court accepted in part the report and recommendation, dismissing claims I, II, IV, and VII. The court appointed counsel for petitioner, invited supplemental briefing on claims III, V, and VI, and held an evidentiary hearing on November 28, 2007. However, on December 28, 2007, the court denied the petition. Lewis's subsequent motion for reconsideration was also denied. He then filed an appeal and now moves for a certificate of appealability regarding claims I and II in addition to III, V, and VI. For the reasons that follow, the court ISSUES a certificate of appealability.

II. Procedural framework

    An appeal may not be taken from the final order of a district court denying a petition filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253 (c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability ("COA") may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

1

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court explained such a showing requires the petitioner to demonstrate

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."
>
> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id*. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4 (1983)).

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability. *See Murphy v. State of Ohio*, 263 F.3d 466 (6th Cir. 2001) (per curiam).

III.  Claim-by-claim analysis

A.  Whether the lineup was unduly suggestive

Claim I challenges the trial court's refusal to suppress Micah McKay's in-court and lineup identifications of Lewis as the shooter. Magistrate Judge Komives noted the two aspects of the lineup that were suggestive. First, the police indicated to McKay that Lewis was in the lineup. Second, McKay had seen the back of Lewis's head at the preliminary examination, which took place before the lineup, and Lewis was the only person with a shaved head at the lineup.

Due to the potentially suggestive nature of the lineup, the question turns to whether McKay's identification was nevertheless sufficiently reliable to satisfy the requirements of due process. There are facts that favor a finding of unreliability, but there are other facts that favor a finding of reliability. Reasonable jurists could disagree with this court's determination that the identification

was sufficiently reliable, despite problems with the lineup. Therefore, claim I is certified as appealable.

B. Whether the state's suppression of the surveillance tape violated due process

Claim II (1) challenges the state trial court's refusal to dismiss the charges against Lewis for the state's suppression of an exculpatory or potentially exculpatory videotape; and (2) alleges that Lewis received ineffective assistance of counsel, as counsel failed to request that the jury be instructed that it could infer that the suppressed evidence would have been favorable to the defense. However, Lewis does not move for the ineffective-assistance-of-counsel portion of Claim II to be certified as appealable.

Holder was a victim of the shooting who survived. He testified that the shooter went into a Rite-Aid pharmacy briefly. Holder also said that the shooter wore a distinctive leather studded jacket. Lewis's trial counsel was interested in the Rite-Aid surveillance tape, because if the tape showed someone who generally matched Lewis's description but who was not petitioner, then Lewis's trial counsel could argue that someone else who looked like Lewis and who wore a studded leather jacket committed the shooting.

Accordingly, Lewis moved for the state to preserve the videotape. The trial court granted the motion, but the prosecution was unable to produce the tape, saying it was lost.

Reasonable jurists could disagree on whether there was a violation under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The tape did show that the person entering the Rite-Aid wore a studded leather jacket. Even though the detail in the videotape was inadequate to make a positive identification of the person in the tape who was wearing a studded leather jacket, it is arguable that the tape was exculpatory, because defense counsel only needed a level of detail sufficient to support the theory that the person in the video was not Lewis.

Reasonable jurists could also disagree on whether there was a violation of due process under *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988), because it is arguable that the prosecution's failure to produce the videotape was done in bad faith. The state had made a copy of the tape for itself but

was unable to produce either tape at trial; nor did one of the investigators make much of an effort to find the tape.

Accordingly, the *Brady* and *Youngblood* portions of Claim II are certified as appealable.

### C. Whether the trial court's Allen charge was unduly coercive

Claim III argues that the state trial judge's instruction improperly coerced the jury to arrive at a verdict convicting Lewis.

Petitioner contends in claim V that he received ineffective assistance from his trial counsel, because trial counsel failed to object to the judge's improper *Allen* charge.

And in claim VI, petitioner says (1) that his appellate counsel's failure to raise the *Allen* issue as plain error was ineffective assistance of counsel and (2) that appellate counsel's failure to argue trial counsel's failure to object as ineffective assistance of counsel was itself ineffective assistance of counsel.

Given the close factual question in involved in determining whether there was a constitutional violation, reasonable jurists could disagree as to whether the supplemental *Allen* charge was improperly coercive. This applies also to the consequent claims that Lewis's trial and appellate counsel gave ineffective assistance.

## IV. Conclusion

IT IS HEREBY ORDERED that a certificate of appealability is ISSUED.

SO ORDERED.

                                        S/ARTHUR J. TARNOW
                                        Arthur J. Tarnow
                                        United States District Judge

Dated: June 11, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 11, 2008, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager